# Exhibit  A

# Exhibit  A

# CIVIL COVER SHEET     A- 14- 703302- C
XV

- Clark       County, Nevada

Case No.

*(Assigned by Clerk's Office)*

## I. Party Information

Plaintiff(s) (name/address/phone): John Payne

Attorney (name/address/phone):Kimberly Stein 702-257-1483

3800 Howard Hughes Parkway, Suite 1000 Las Vegas, NV 89169

Defendant(s) (name/address/phone): Rock Vault Tours, Inc., NAV-LVH, LLC d/b/a LVH-Las Vegas Hotel & Casino, Westgate Resorts, Inc. and Harry Cowell

Attorney (name/address/phone):

## II. Nature of Controversy (Please check applicable bold category and applicable subcategory, if appropriate)

☐ **Arbitration Requested**

### Civil Cases

#### Real Property

**Landlord/Tenant**
- ☐ Unlawful Detainer

☐ **Title to Property**
- ☐ Foreclosure
- ☐ Liens
- ☐ Quiet Title
- ☐ Specific Performance

☐ **Condemnation/Eminent Domain**

☐ **Other Real Property**
- ☐ Partition
- ☐ Planning/Zoning

#### Torts

##### Negligence

- ☐ **Negligence – Auto**
- ☐ **Negligence – Medical/Dental**
- ☐ **Negligence – Premises Liability** (Slip/Fall)
- ☐ **Negligence – Other**

☐ **Product Liability**
- ☐ Product Liability/Motor Vehicle
- ☐ Other Torts/Product Liability

☐ **Intentional Misconduct**
- ☐ Torts/Defamation (Libel/Slander)
- ☐ Interfere with Contract Rights

☐ **Employment Torts** (Wrongful termination)

☐ **Other Torts**
- ☐ Anti-trust
- ☐ Fraud/Misrepresentation
- ☐ Insurance
- ☐ Legal Tort
- ☐ Unfair Competition

#### Probate

Estimated Estate Value: _____

- ☐ **Summary Administration**
- ☐ **General Administration**
- ☐ **Special Administration**
- ☐ **Set Aside Estates**
- ☐ **Trust/Conservatorships**
  - ☐ Individual Trustee
  - ☐ Corporate Trustee
- ☐ **Other Probate**

#### Other Civil Filing Types

☐ **Construction Defect**
- ☐ Chapter 40
- ☐ General

☒ **Breach of Contract**
- ☐ Building & Construction
- ☐ Insurance Carrier
- ☐ Commercial Instrument
- ☐ Other Contracts/Acct/Judgment
- ☐ Collection of Actions
- ☐ Employment Contract
- ☐ Guarantee
- ☐ Sale Contract
- ☐ Uniform Commercial Code

☐ **Civil Petition for Judicial Review**
- ☐ Foreclosure Mediation
- ☐ Other Administrative Law
- ☐ Department of Motor Vehicles
- ☐ Worker's Compensation Appeal

☐ **Appeal from Lower Court** *(also check applicable civil case box)*
- ☐ Transfer from Justice Court
- ☐ Justice Court Civil Appeal

☐ **Civil Writ**
- ☐ Other Special Proceeding

☐ **Other Civil Filing**
- ☐ Compromise of Minor's Claim
- ☐ Conversion of Property
- ☐ Damage to Property
- ☐ Employment Security
- ☐ Enforcement of Judgment
- ☐ Foreign Judgment – Civil
- ☐ Other Personal Property
- ☐ Recovery of Property
- ☐ Stockholder Suit
- ☐ Other Civil Matters

## III. Business Court Requested (Please check applicable category; *for Clark or Washoe Counties only.*)

- ☐ NRS Chapters 78-88
- ☐ Commodities (NRS 90)
- ☐ Securities (NRS 90)
- ☐ Investments (NRS 104 Art. 8)
- ☐ Deceptive Trade Practices (NRS 598)
- ☐ Trademarks (NRS 600A)
- ☐ Enhanced Case Mgmt/Business
- ☐ Other Business Court Matters

7-1-14
Date

*signature*
Signature of initiating party or representative

**See other side for family-related case filings.**

Form PA 201
Rev. 2.5E

Electronically Filed
07/01/2014 04:44:32 PM

*[signature]*

**CLERK OF THE COURT**

1 COMP
2 **Howard & Howard Attorneys PLLC**
Kimberly P. Stein, Esq.
3 Nevada Bar No. 8675
Robert L. Rosenthal, Esq.
4 Nevada Bar No. 6476
3800 Howard Hughes Pkwy., Ste. 1000
5 Las Vegas, NV  89169
Telephone:  (702) 257-1483
6 Facsimile:  (702) 567-1568
7 E-mail Address:  rlr@h2law.com
                     kps@h2law.com
8 *Attorneys for Plaintiff John Payne*

9

10                    **DISTRICT COURT**

11                **CLARK COUNTY, NEVADA**

12 JOHN PAYNE, an individual;                    Case No. **A- 1 4 - 7 0 3 3 0 2 - C**

13              Plaintiff,                        Dept. No. **XV**

14        v.                                      **COMPLAINT**

15 ROCK VAULT TOURS, INC.,   a Delaware          (Exempt from Arbitration, Amount in Excess
   Corporation; NAV-LVH, LLC, a  Nevada          of $50,000; Action Seeking Equitable and
16 Limited  Liability  Company  d/b/a  LVH-LAS    Declaratory Relief)
   VEGAS  HOTEL  &  CASINO;  WESTGATE
17 RESORTS,   INC.,  a  Florida  Corporation;
   HARRY COWELL, an individual; and DOES I
18 – X, and ROES I – X,
19
20              Defendants.
21
22
23        Plaintiff, JOHN  PAYNE,  by  and  through  his  counsel,  the  law  firm  of  Howard  &
24 Howard Attorneys PLLC, complains and alleges as follows:
25                    **GENERAL ALLEGATIONS**
26        1.      At all times relevant herein, Plaintiff, John Payne, ("Payne"), was and is an adult
27 individual residing in Las Vegas, Nevada.
28

Howard & Howard, Attorneys PLLC
3800 Howard Hughes Pkwy., Suite 1400
Las Vegas, NV 89169
(702) 257-1483

Howard & Howard, Attorneys PLLC
3800 Howard Hughes Pkwy., Suite 1400
Las Vegas, NV 89169
(702) 257-1483

2. Upon information and belief, Defendant, NAV-LVH, LLC d/b/a LVH-LAS Vegas Hotel & Casino ("LVH"), is a Nevada limited liability company, with its principal place of business in Clark County, Nevada.

3. Upon information and belief, Defendant, Westgate Resorts, Inc. ("Westgate"), is a Florida corporation qualified to conduct business in Nevada, purchased the LVH on or about June 30, 2014, and is the successor in interest to the prior owner.

4. Upon information and belief, at all times relevant herein, Defendant, Rock Vault Tours, Inc. ("Rock Vault Tours"), is a Delaware corporation, which has operated an entertainment show at the LVH called "Raiding The Rock Vault" since 2013.

5. Upon information and belief, at all times relevant herein, Defendant, Harry Cowell ("Cowell"), is an adult individual who resides in England.

6. At all times relevant herein, Cowell has been the President of Rock Vault Tours.

7. At all times relevant herein, Cowell has regularly conducted business in the State of Nevada.

8. Upon information and belief, at all times relevant herein, Cowell has lived, and continues to live, in Las Vegas, Nevada for several weeks at a time in order to produce and oversee the operations of Rock Vault Tours and its stage show at the LVH, Raiding The Rock Vault ("RTRV" or "the Show").

9. At all times relevant herein, Cowell was, and continues to be, regularly on-site at the LVH in order to produce and oversee the operations of Rock Vault Tours and the Show..

10. The acts and circumstances which give rise to Plaintiff's Complaint against Defendants occurred within Clark County, Nevada.

11. This Court is vested with jurisdiction in this matter pursuant to the Constitution of the State of Nevada, Article 6 § 6.

Howard & Howard, Attorneys PLLC
3800 Howard Hughes Pkwy., Suite 1400
Las Vegas, NV 89169
(702) 257-1483

12.     The true names and capacities, whether individual, corporate, associate or otherwise of Defendants DOES I-X and/or ROE Corporations I-X, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believe, and therefore allege that each of the Defendants designated as DOE and/or ROE Corporations is responsible in some manner for the events and happenings herein alleged; that Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of said Defendants, DOES I-X and/or ROE Corporations I-X, inclusive, when the same have been ascertained by the Plaintiff, together with appropriate charging allegations, and to join such Defendants in this action.

13.     Payne is a famous British musician, best known as the lead singer and bassist of the rock group "Asia" from 1992 to 2006, and from June 2007 with the group "ASIA Featuring John Payne."  John Payne became the frontman of Asia in 1992 at the invitation of founding member Geoff Downes, replacing vocalist/bassist John Wetton.  During Payne's tenure, ASIA released eight studio albums, several live albums, and toured internationally.  He is also the founding and current member of modern progressive rock band GPS.  Additionally, he is a guitarist, composer, recording engineer and record producer.

14.     In or around 2011, Payne co-created and wrote Raiding The Rock Vault with Grammy Award-winning record producer David Kershenbaum ("Kershenbaum").

15.     On or about February 11, 2013, Payne, Kirshenbaum, and Paul Leighton copyrighted the Show's format with the United States Copyright Office, Registration Number PAu003661723, with the type of work described as "Dramatic Work and Music; or Choreography."

Howard & Howard, Attorneys PLLC
3800 Howard Hughes Pkwy., Suite 1400
Las Vegas, NV 89169
(702) 257-1483

16.     On or about February 11, 2013, Payne and Kirshenbaum copyrighted the Show's script with the United States Copyright Office, Registration Number PAu003661716.

17.     At all relevant times, Payne had, and continues to have, a fifty per cent (50%) ownership interest in both the script and the format of the Show.

18.     At all relevant times, Raiding The Rock Vault, has been performed nightly at the LVH (except for Fridays).  The Show provides audiences at the LVH with an illuminating look at the history of rock, a chronological story, with a one-of-a-kind rock concert experience, boasting the ultimate set list.  It is narrated, sung, acted, includes compelling imagery, and transports the audience back to a magical musical journey from 1948 to 1989.  The Show features classic anthems from The Rolling Stones, The Who, The Doors, Led Zeppelin, Jimi Hendrix, The Eagles, Queen, Van Halen, AC/DC, Journey, Free, Bryan Adams, Supertramp, Toto, Deep Purple, and more, performed by an all-star band, including Doug Aldrich (Whitesnake), Howard Leese (Heart, Bad Company), Tracii Guns (LA Guns, Guns n' Roses), Robin McAuley (MSG, Survivor), Paul Shortino (Rough Cutt, Quite Riot), Jay Schellen (Badfinger, Asia), Andrew Freeman (Lynch Mob, The Offspring), and Michael T. Ross (Lita Ford, Hardline).

19.     Upon information and belief, at all relevant times, the LVH and Rock Vault Tours have co-produced the Show and they share in its profits.

20.     From the time the Show premiered at the LVH in or around March 2013 until May 2014, Payne performed in the Show as a bassist, one of the lead singers, and was the stage musical director.

21.     Prior to the premiere of the Show at the LVH, Rock Vault Tours and Payne entered into an agreement whereby Rock Vault Tours agreed to pay Payne one thousand dollars ($1,000) for every performance of the Show at the LVH ("Performance Agreement").

22.     In compliance with the terms and conditions of the Performance Agreement, from the time the Show premiered at the LVH in or around March 2013 until May 14, 2014, Rock Vault Tours paid Payne one thousand dollars ($1,000) for every performance of the Show at the LVH.

23.     In or around February 2014, Payne and Rock Vault Tours, entered into an agreement regarding the payment of royalties with respect to the Show (the "Royalties Agreement").

24.     Pursuant to the terms and conditions of the Royalties Agreement, Rock Vault Tours agreed to pay Payne, as co-writer and co-creator of the Show, two and one half per cent (2.5%) of net box office receipts until all costs incurred by Rock Vault Tours in relation to setting up the Show were recouped ("Set Up Expenses"); and after Set Up Expenses were recouped, Rock Vault Tours agreed to pay Payne three and one half per cent (3.5%) of the net box office receipts.

25.     Pursuant to the terms and conditions of the Royalties Agreement, Rock Vault Tours agreed to pay Payne, as co-director of the Show, two per cent (2%) of the net profit pool until Rock Vault Tours recouped its Set Up Expenses; and after Set Up Expenses were recouped, Rock Vault Tours agreed to pay Payne three per cent (3%) of the profit pool.

26.     On or about May 14, 2014, Cowell, on behalf of Rock Vault Tours, suspended Payne without cause and without pay.

Howard & Howard, Attorneys PLLC
3800 Howard Hughes Pkwy., Suite 1400
Las Vegas, NV 89169
(702) 257-1483

Howard & Howard, Attorneys PLLC
3800 Howard Hughes Pkwy., Suite 1400
Las Vegas, NV 89169
(702) 257-1483

27.    In or around April 2014, Cowell, on behalf of a company called Mission Recordings, Ltd., presented Payne with an agreement purporting to assign Payne's ownership interest and royalties in the Show.  Cowell intended this agreement to become part of a subsequent agreement -- which was never executed -- between Payne, Rock Vault Tours, and Mission Entertainment Group, Ltd.

28.    At the time Cowell presented Payne with the April agreement, Cowell demanded that Payne assign his rights to the Show, or else he would be fired.  Payne, therefore, proceeded to sign the agreement on or about May 20, 2014; but under duress.

29.    Pursuant to the May 20, 2014 agreement, Payne purportedly assigned his royalties and rights to the Show for 1 £.  Accordingly, the agreement was not supported by adequate consideration.

30.    Because Rock Vault Tours, Mission Entertainment Group, Ltd., or Mission Recordings, Ltd. never paid Payne any royalties, and never had any intention of doing so, the May 20, 2014, was never enforceable, particularly, as there was no consideration.

31.    On or about June 18, 2014, Cowell, on behalf of Rock Vault Tours, unceremoniously terminated Payne from the Show.

32.    As a direct and proximate result of Defendants' actions, Plaintiff has been damaged in an amount in excess of $10,000 and has been required to retain the services of an attorney to prosecute this action.

### FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT AGAINST ROCK VAULT TOURS
### (PERFORMANCE AGREEMENT)

33.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 32 of the Complaint as though set forth in full in this paragraph.

Howard & Howard, Attorneys PLLC
3800 Howard Hughes Pkwy., Suite 1400
Las Vegas, NV 89169
(702) 257-1483

34.     Payne entered into an enforceable contract with Rock Vault Tours with respect to the Performance Agreement, in which Rock Vault Tours promised to pay Payne one thousand dollars ($1,000) for each show which was performed at the LVH.

35.     From the time the Show premiered at the LVH until on or about May 14, 2014, Rock Vault Tours regularly paid Payne one thousand dollars ($1,000) per Show, in compliance with the terms and conditions of the Performance Agreement.

36.     On or about May 14, 2014, Cowell, on behalf of Rock Vault Tours, suspended Payne from the Show, and refused to pay him one thousand dollars ($1,000) per Show, in compliance with the terms and conditions of the Performance Agreement, until on or about June 9, 2014, when Rock Vault Tours gave Payne a twenty thousand dollar ($20,000) check, which was the total amount of money he should have received for all of the Shows performed from the date of Payne's suspension through the date of the twenty thousand dollar ($20,000) check.

37.     On or about June 18, 2014, Cowell, on behalf of Rock Vault Tours, terminated Payne from the Show.

38.     From the date of Payne's termination from the Show until the present, the Show has continued to operate at the LVH; however, Rock Vault Tours has refused and continues to refuse to pay Payne one thousand dollars ($1,000) for each Show which has been performed, in breach of the Performance Agreement.

39.     Payne has performed all conditions and taken all actions required of him under the terms of the Performance Agreement.

40.     As a result of Rock Vault Tours' breach of the Performance Agreement, Payne has been damaged in an amount in excess of $10,000.

41.     Plaintiff is entitled to legal fees and costs as allowed by law.

Page 7 of 16

Howard & Howard, Attorneys PLLC
3800 Howard Hughes Pkwy., Suite 1400
Las Vegas, NV 89169
(702) 257-1483

## SECOND CLAIM FOR RELIEF
### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST ROCK VAULT TOURS
### (PERFORMANCE AGREEMENT)

42.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 41 of the Complaint as though set forth in full in this paragraph.

43.     Contained in the Performance Agreement is an implied covenant of good faith and fair dealing requiring Rock Vault Tours to avoid undertaking actions which would injure or prejudice Payne's rights, and preclude undertaking actions which would place Rock Vault Tours' own interests over those of Payne, or to otherwise act so as to deprive Payne of the benefits arising under the Performance Agreement.

44.     Rock Vault Tours has breached, and continues to breach, the terms of the Performance Agreement by its actions as alleged herein, all to the detriment and damage of Payne.  By so acting, Rock Vault Tours has breached the implied covenant of good faith and fair dealing contained within the Performance Agreement.

45.     As a direct and proximate result of the conduct of Defendant Rock Vault Tours, Plaintiff Payne has suffered, and continues to suffer, damages in an amount in excess of $10,000.

46.     Plaintiff is entitled to legal fess and costs as allowed by law.

## THIRD CLAIM FOR RELIEF
### UNJUST ENRICHMENT AGAINST ROCK VAULT TOURS
### (PERFORMANCE AGREEMENT)

47.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 46 of the Complaint as though set forth in full in this paragraph.

Howard & Howard, Attorneys PLLC
3800 Howard Hughes Pkwy., Suite 1400
Las Vegas, NV 89169
(702) 257-1483

48.    Pursuant to the terms of the Performance Agreement, Rock Vault Tours promised to pay Payne one thousand dollars ($1,000) for each show which was performed at the LVH.

49.    From the date of Payne's termination from the Show until the present, the Show has continued to operate at the LVH; however, Rock Vault Tours has refused and continues to refuse to pay Payne one thousand dollars ($1,000) for each Show which has been performed, in breach of the Performance Agreement.

50.    As a result of Rock Vault Tours' actions, Rock Vault Tours has been unjustly enriched at the expense of Payne in an amount in excess of $10,000.

51.    Plaintiff is entitled to legal fees and costs as allowed by law.

### FOURTH CLAIM FOR RELIEF
### BREACH OF CONTRACT AGAINST ROCK VAULT TOURS
### (ROYALTIES AGREEMENT)

52.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 51 of the Complaint as though set forth in full in this paragraph.

53.    Payne entered into an enforceable contract with Rock Vault Tours with respect to the payment of royalties, pursuant to the terms and conditions of the Royalties Agreement, and was promised a percentage of all receipts derived from the sale of merchandise.

54.    Payne has performed all conditions and taken all actions required of him under the terms of the Royalties Agreement.

55.    From the time the 3Show premiered at the LVH until the present, Rock Vault Tours has never paid Payne any royalties, despite Payne's repeated demands for payment.

56.    As a result of Rock Vault Tours' breach of the Royalties Agreement, Payne has been damaged in an amount in excess of $10,000.

57.     Plaintiff is entitled to legal fees and costs as allowed by law.

## FIFTH CLAIM FOR RELIEF
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH
## AND FAIR DEALING AGAINST ROCK VAULT TOURS
## (ROYALTIES AGREEMENT)

58.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 57 of the Complaint as though set forth in full in this paragraph.

59.     Contained in the Royalties Agreement is an implied covenant of good faith and fair dealing requiring Rock Vault Tours to avoid undertaking actions which would injure or prejudice Payne's rights, and preclude undertaking actions which would place Rock Vault Tours' own interests over those of Payne, or to otherwise act so as to deprive Payne of the benefits arising under the Royalties Agreement.

60.     Rock Vault Tours has breached, and continues to breach, the terms of the Royalties Agreement by its actions as alleged herein, all to the detriment and damage of Payne. By so acting, Rock Vault Tours has breached the implied covenant of good faith and fair dealing contained within the Royalties Agreement.

61.     As a direct and proximate result of the conduct of Defendant Rock Vault Tours, Plaintiff Payne has suffered, and continues to suffer, damages in an amount in excess of $10,000.

62.     Plaintiff is entitled to legal fess and costs as allowed by law.

## SIXTH CLAIM FOR RELIEF
## UNJUST ENRICHMENT AGAINST ROCK VAULT TOURS
## (ROYALTIES AGREEMENT)

63.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 62 of the Complaint as though set forth in full in this paragraph.

Howard & Howard, Attorneys PLLC
3800 Howard Hughes Pkwy., Suite 1400
Las Vegas, NV 89169
(702) 257-1483

Howard & Howard, Attorneys PLLC
3800 Howard Hughes Pkwy., Suite 1400
Las Vegas, NV 89169
(702) 257-1483

64.     Pursuant to the terms of the Royalties Agreement, Rock Vault Tours promised to pay Payne royalties pursuant to the terms and conditions of the Royalties Agreement.

65.     From the time the Show premiered at the LVH until the present, Rock Vault Tours has never paid Payne any royalties, despite Payne's repeated demands for payment.

66.     As a result of Rock Vault Tours' actions, Rock Vault Tours has been unjustly enriched at the expense of Payne in an amount in excess of $10,000.

67.     Plaintiff is entitled to legal fees and costs as allowed by law.

## SEVENTH CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT IN VIOLATION OF 17 U.S.C. § 101 et seq. AGAINST ROCK VAULT TOURS, LVH, AND WESTGATE

68.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 73 of the Complaint as though set forth in full in this paragraph.

69.     Payne is, and at all relevant times has been, one of the copyright owners of the Show's format and script.

70.     On or about February 11, 2013, Payne, Kirshenbaum, and Paul Leighton copyrighted the Show's format with the United States Copyright Office, Registration Number PAu003661723, with the type of work described as "Dramatic Work and Music; or Choreography."

71.     On or about February 11, 2013, Payne and Kirshenbaum copyrighted the Show's script with the United States Copyright Office, Registration Number PAu003661716.

72.     Payne and Kirshenbaum own the exclusive rights under the Copyright Act to the Show, including the right to its production, reproduction, distribution, and display. The Show is wholly original and, as fixed and tangible media, is copyrightable subject matter under the Copyright Act.

Howard & Howard, Attorneys PLLC
3800 Howard Hughes Pkwy., Suite 1400
Las Vegas, NV 89169
(702) 257-1483

73.    Payne asserts that Rock Vault Tours, LVH, and Westgate have produced, copied, distributed, advertised, and/or sold tickets to the Show, and continue to produce, copy, distribute, advertise and/or sell tickets to the Show, despite Payne's protests that they cease and desist from doing so.

74.    By engaging in this conduct, Rock Vault Tours, LVH, and Westgate have acted in willful disregard of laws protecting Payne's copyrights.

75.    Payne has sustained and will continue to sustain substantial damage to the value of the Show as a result of the unlawful conduct of Rock Vault Tours, LVH, and Westgate.

76.    Payne suffers and continues to suffer direct and actual damages as a result of the unlawful conduct of Rock Vault Tours, LVH, and Westgate.

77.    As a result of the actions of Rock Vault Tours, LVH, and Westgate, Payne has suffered damages in an amount in excess of $10,000.

78.    Payne is entitled to recover damages as a result of the unlawful conduct of Rock Vault Tours, LVH, and Westgate, including Defendants' profits generated from the production, promotion, distribution, sale, and offer for sale of Payne's copyrighted material, pursuant to 17 U.S.C. § 502.

79.    By reason of the foregoing, Payne has incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of its claims against Rock Vault Tours, LVH, and Westgate, which Payne is entitled to recover from them pursuant to 17 U.S.C. § 505.

## EIGHTH CLAIM FOR RELIEF
### DEFAMATION/SLANDER PER SE AGAINST COWELL

80.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 85 of the Complaint as though set forth in full in this paragraph.

Page 12 of 16

Howard & Howard, Attorneys PLLC
3800 Howard Hughes Pkwy., Suite 1400
Las Vegas, NV 89169
(702) 257-1483

81.     After Payne was suspended, and again after he was terminated, Cowell engaged in making false statements concerning the reasons for Payne's suspension and termination, as well Payne's ownership interest in Raiding The Rock Vault.

82.     Cowell's false and malicious statements were made against Payne with an intent to cause injury to Payne's reputation.

83.     Cowell's false and malicious statements made against Payne caused Plaintiff to suffer pecuniary loss.

84.     Cowell's statements concerning Payne were lies and were calculated to injure Payne in the entertainment industry.

85.     The statements by Cowell concerned Payne and his business and source of income (Raiding The Rock Vault), and as such, these false statements constitute slander per se.

86.     As direct and proximate result of Cowell's aforementioned actions and conduct, Payne has suffered damage to his reputation and has suffered harm which normally results from such defamation.

87.     As a result of Cowell's actions, Plaintiff has been damaged in an amount in excess of $10,000.

88.     Cowell is guilty of oppression, fraud or malice, express or implied; therefore, Payne is entitled to recover punitive damages in an amount in excess of $10,000.

89.     Plaintiff is entitled to legal fees and costs as allowed by law.

### NINTH CLAIM FOR RELIEF
### RIGHT TO PUBLICITY AGAINST
### ROCK VAULT TOURS, LVH, AND WESTGATE

90.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 89 of the Complaint as though set forth in full in this paragraph.

91.     Since Payne's suspension, Rock Vault Tours, LVH, and Westgate has continued to advertise the Show using Payne's name and likeness, voice, and photographs in various mediums, including but not limited to, signage, hotel room keys at the LVH, and posters, and on the internet.

92.     Such advertisement for the commercial use of Rock Vault Tours, LVH, and Westgate in order to promote the Show is not an authorized use by Payne, a celebrity, and is a violation of Mr. Payne's "right of publicity."

93.     As a result of the illegal conduct of Rock Vault Tours, LVH, and Westgate, Payne is entitled under NRS 597.810 to various remedies, including but not limited to, injunctive relief, actual damages, and punitive damages.

94.     As a result of the actions of Rock Vault Tours, LVH, and Westgate, Plaintiff has been damaged in an amount in excess of $10,000.

95.     Rock Vault Tours, LVH, and Westgate are is guilty of oppression, fraud or malice, express or implied; therefore, Payne is entitled to recover punitive damages in an amount in excess of $10,000.

96.     Plaintiff is entitled to legal fees and costs as allowed by law.

## TENTH CLAIM FOR RELIEF
## DECLARATORY RELIEF

97.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 95 of the Complaint as though set forth in full in this paragraph.

98.     There exists a justiciable controversy between Payne and Defendants as to the terms of the Royalties Agreement and the May 20, 2014, agreement, and the legal rights and remedies of the parties.

99.     The interests of Payne Defendants are adverse.

Page 14 of 16

Howard & Howard, Attorneys PLLC
3800 Howard Hughes Pkwy., Suite 1400
Las Vegas, NV 89169
(702) 257-1483

Howard & Howard, Attorneys PLLC
3800 Howard Hughes Pkwy., Suite 1400
Las Vegas, NV 89169
(702) 257-1483

100. Payne has a legally protected interest in the controversy between himself and Defendants.

101. The issues are ripe for judicial determination.

102. It is necessary for the Court to adjudicate and declare the validity of the Royalties Agreement and the rights of the parties to this action so that the parties are fully aware of the nature of their rights to and interests under the Royalties Agreement and the May 20, 2014, agreement.

103. It is particularly necessary that the Court adjudicate and declare the validity of the Royalties Agreement and the rights of the parties pursuant to the Royalties Agreement and the May 20, 2014, agreement so as to provide Payne the opportunity to take the necessary actions to protect his interests in the Show.

## ELEVENTH CLAIM FOR RELIEF
## INJUNCTIVE RELIEF – ALL DEFENDANTS

104. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 96 of the Complaint as though set forth in full in this paragraph.

105. Payne is informed and believes, and therefore alleges, that the above-described actions and omissions by Defendants, have a direct and adverse effect on the value of Payne's Show.

106. Further, Defendants' actions and omissions have caused severe and irreparable injury to Plaintiff's reputation and goodwill, adversely affecting Payne's existing and prospective contractual relationships.

107. Payne is informed and believes, and therefore alleges, that unless enjoined to do so, Defendants will continue to cause irreparable harm to Plaintiff.

Page 15 of 16

108.   The damage and injury caused to Payne, as well his future business ventures, is of such a nature that it cannot be adequately measured, and thus, is not easily compensable by money damages.

109.   There is no adequate, plain or speedy remedy at law to prevent Defendants from such wrongful conduct, and unless they are restrained from such conduct, Payne will continue to suffer irreparable damage and injury.  Consequently, Payne is entitled to injunctive relief.

110.   Payne is entitled to legal fees and costs as allowed by law.

**WHEREFORE,** Plaintiff prays for judgment as follows:

1.   For damages in an amount in excess of $10,000, the exact amount to be determined at Trial of this matter;

2.   For Punitive Damages in an amount in excess of $10,000;

3.   For Declaratory Relief;

4.   For Injunctive Relief;

5.   For reasonable attorney's fees and costs of suit; and

6.   For such other and further relief as the Court may deem just and proper.

DATED this 1st day of July, 2014.

**HOWARD & HOWARD ATTORNEYS PLLC**

KIMBERLY P. STEIN, ESQ.
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV  89169
Telephone:  (702) 257-1483
Facsimile:  (702) 567-1568
*Attorneys for Plaintiff John Payne*

Howard & Howard, Attorneys PLLC
3800 Howard Hughes Pkwy., Suite 1400
Las Vegas, NV 89169
(702) 257-1483

**Howard & Howard Attorneys PLLC**
Kimberly P. Stein, Esq.
Nevada Bar No. 8675
Robert L. Rosenthal, Esq.
Nevada Bar No. 6476
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV  89169
Telephone:  (702) 257-1483
Facsimile:  (702) 567-1568
E-mail Address:  rlr@h2law.com
                           kps@h2law.com
*Attorneys for Plaintiff John Payne*

<div align="center">

DISTRICT COURT
CLARK COUNTY, NEVADA

</div>

| | |
|---|---|
| JOHN PAYNE, an individual;<br><br>              Plaintiff,<br><br>        v.<br><br>ROCK VAULT TOURS, INC., a Delaware Corporation; NAV-LVH, LLC, a Nevada Limited Liability Company d/b/a LVH-LAS VEGAS HOTEL & CASINO; WESTGATE RESORTS, INC., a Florida Corporation; HARRY COWELL, an individual; and DOES I – X, and ROES I – X,<br><br>           Defendants. | Case No.:<br>Department No.: |

<div align="center">

**INITIAL APPEARANCE FEE DISCLOSURE (NRS) CHAPTER 19**

</div>

      Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted

<div style="writing-mode: vertical;">

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

</div>

-1-

for parties appearing in the above entitled action as indicated below:

JOHN PAYNE:

Total Remitted:                           $ 270.00

DATED this 1st day of July, 2014.

HOWARD & HOWARD ATTORNEYS PLLC

Kimberly P. Stein, Esq.
Nevada Bar No. 8675
Robert L. Rosenthal, Esq.
Nevada Bar No. 6476
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV  89169
Attorneys for Plaintiff John Payne

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

-2-